# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

MICHELLE SNITSELAAR,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA and MOUNT MERCY UNIVERSITY,

    Defendants.

No. 17-CV-14-LRR

**ORDER**

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . *1*

III.  ANALYSIS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    A.    *Legal Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.    *Westerhaus Factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        1.    *Culpability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        2.    *Defendant's ability to pay* . . . . . . . . . . . . . . . . . . . . . . *5*
        3.    *Deterrent effect* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        4.    *Number of plan participants benefitted.* . . . . . . . . . . . . . . . *6*
        5.    *Relative merit of parties' positions.* . . . . . . . . . . . . . . . . . *7*
        6.    *Other factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        7.    *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    C.    *"Expenses"* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## *I. INTRODUCTION*

The matter before the court is Plaintiff Michelle Snitselaar's "Application for Attorney Fees" ("Application") (docket no. 48).

## *II. RELEVANT PROCEDURAL BACKGROUND*

On May 11, 2017, Snitselaar filed an Amended Complaint (docket no. 25), alleging

that (1) Defendant Unum Life Insurance Company of America ("Unum") wrongfully denied Snitselaar's claim for life insurance death benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. (Count I); and (2) Defendant Mount Mercy University ("Mount Mercy") breached its fiduciary duty in violation of ERISA, 29 U.S.C. §§ 1001 et seq. (Count II). On January 22, 2019, the court entered an Order (docket no. 46) affirming Unum's decision to deny benefits and finding that Mount Mercy breached its fiduciary duty to Snitselaar and granting her equitable relief. On the same date, Judgment (docket no. 47) entered against Mount Mercy in the amount of $60,000.

On February 1, 2019, Snitselaar filed the Application. On February 4, 2019, Unum filed a Resistance ("Unam's Resistance") (docket no. 49). On February 11, Mount Mercy filed a Resistance ("Mount Mercy's Resistance") (docket no. 50). On February 15, 2019, Snitselaar filed a Response to Mount Mercy's Resistance ("Response") (docket no. 51).[1]

### III. ANALYSIS

Snitselaar asks the court to award her $8,554.00 in attorney fees pursuant to 29 U.S.C. § 1132(g)(1). Unum argues that an attorney fee award would be improper because Snitselaar is not a prevailing party against Unum and because Snitselaar "made no effort

---

[1] The court notes that Snitselaar did not respond to Unum's Resistance. Further, it is indisputable that Snitselaar did not prevail on her claim against Unum. *See* January 22, 2019 Order at 12-13 (finding that Unum did not abuse its discretion in interpreting the terms of the Plan, declining to reverse Unum's decision based on its failure to disclose information to Snitselaar pursuant to Iowa Code § 509.2(7) and affirming Unum's decision). Thus, it appears that Snitselaar concedes that she is not a prevailing party against Unum. *See* Unum's Resistance at 1 ("As [Snitselaar] did not prevail on her claims against Unum [] an award of attorney fees against Unum under 29 U.S.C. § 1132(g) would be inappropriate."). Accordingly, because Snitselaar is not a prevailing party against Unum, the court finds that Snitselaar's Application as it pertains to Unum is denied. *See Geissal ex rel. Estate of Geissal v. Moore Med. Corp.*, 338 F.3d 926, 935 (8th Cir. 2003) (providing that a plaintiff only becomes a prevailing party by obtaining a favorable ruling from a court that a plan's basis of denying benefits was invalid).

in her Application to argue, much less establish, that the factors applied in [the Eighth] Circuit in deciding whether to award fees and costs to a prevailing plaintiff under ERISA have been met." Unum's Resistance at 2. Mount Mercy argues that an attorney fee award would be improper because Snitselaar "made no effort in her Application . . . to argue that the factors applied in [the Eighth] Circuit in deciding whether to award fees and costs under ERISA have been met" and "[e]ven if [Snitselaar] had analyzed the factors applied in [the Eighth] Circuit, the factors weigh in favor of not awarding attorney[] fees against . . . Mount Mercy." Mount Mercy's Resistance at 1. In the Response to Mount Mercy's Resistance, Snitselaar argues that "[t]he factors applied in [the Eighth] Circuit in determining whether an award of fees is appropriate pursuant to 29 U.S.C. § 1132(g)(1) weigh in favor of an award of attorney fees." Response at 1.

### A. *Legal Background*

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorney fees and costs to either party. 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."). "More than two decades ago, [the Eighth Circuit Court of Appeals] adopted a multi-factor test for determining whether and to what extent a prevailing party should receive attorneys' fees in ERISA cases." *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2009) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984)); *see also Nichols v. Unicare Life & Health Ins. Co.*, 739 F.3d 1176, 1184 (8th Cir. 2014) (providing that, "[i]n deciding whether to award fees in ERISA cases, [courts] are guided by the five factors set forth in . . . *Westerhaus*"). The *Westerhaus* factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting

3

> attorneys' fees sought to benefit all participants and
> beneficiaries of an ERISA plan or to resolve a significant legal
> question regarding ERISA itself; and (5) the relative merits of
> the parties' positions.

*Westerhaus*, 749 F.2d at 496 (quoting *Iron Workers Local no. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)). The Eighth Circuit "later modified the *Westerhaus* test, explaining that the enumerated factors are 'non-exclusive,' need not be 'mechanically applied,' and that district courts should consider 'other relevant considerations' when determining attorneys' fee awards." *Kahle*, 563 F.3d at 743 (citing *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002)).

When considering whether to award attorney fees, a court should "apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." *Welsh v. Burlington N., Inc., Employee Benefits Plan*, 54 F.3d 1331, 1342 (8th Cir. 1995) (quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984)). "[A]lthough there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006); *see also Martin*, 299 F.3d at 972 ("[F]ew, if any, fee awards have been denied a prevailing plaintiff in ERISA cases nationwide. This is true even though nine of the circuit courts of appeals did not employ any kind of presumption in favor of fees. Thus, the absence of a presumption has obviously not doomed ERISA plaintiffs' attorney fee requests[.]"). In considering an attorney fee request, a district court should "bear[] in mind that 'a reduced fee award is appropriate if the relief, however insignificant, is limited in comparison to the scope of the litigation as a whole.'" *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 431 F.3d 1124, 1132 (8th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

### B. Westerhaus *Factors*

The court now turns to consider whether an attorney fee award is appropriate in

light of the five *Westerhaus* factors and other appropriate considerations.

### 1. *Culpability*

First, the court considers "the degree of the opposing parties' culpability." *Westerhaus*, 749 F.2d at 496. "[A] party is culpable for the purpose of ERISA [. . .] if the party's position was not 'substantially justified.'" *Bender v. Xcel Energy, Inc.*, No. 04-3117 ADM/FLM, 2008 WL 2042521,*3 (D. Minn. May 12, 2008) (quoting *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 831 (7th Cir. 1984) (overruled on other grounds)). "To be substantially justified, a claim must be 'something more than nonfrivolous, but something less than meritorious and taken in good faith.'" *Id.* (quoting *Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004)).

There is no dispute that Mount Mercy failed to provide Snitselaar with the summary plan description as required by 29 U.S.C. § 1024(b). Mount Mercy argues that "[a]ny culpability on Mount Mercy's account was due to mistake not bad faith," and therefore, the this factor weighs against awarding attorney fees. Mount Mercy's Brief in Support of Resistance (docket no. 50-1) at 2. Snitselaar argues that this factor weighs in favor of awarding attorney fees because Mount Mercy breached its fiduciary obligations by failing to provide Snitsleaar with the summary plan description, and therefore, "Mount Mercy's position that it was not responsible for Snitselaar's damages was not substantially justified." Snitselaar's Response Brief (docket no. 51-1) at 3.

In light of the foregoing, and given Mount Mercy's breach of its fiduciary duties, the court concludes that this factor weighs in favor of an award of attorney fees.

### 2. *Defendant's ability to pay*

Next, the court considers Defendant's "ability [. . .] to satisfy an award of attorneys' fees." *Westerhaus*, 749 F.2d at 496. Mount Mercy concedes that it is able to pay Snitselaar's requested fees. *See* Mount Mercy's Brief in Support of Resistance at 3. Therefore, the court finds that this factor weighs in favor of an award of attorney fees.

The court notes, however, that this factor alone cannot justify an award of attorney fees. *See Hebert v. SBC Pension Benefit Plan*, 354 F.3d 796, 801 (8th Cir. 2004) (stating defendant's "ability to pay the attorney fees is not sufficient to support an award of attorney fees when the other factors weigh against an attorney fees award").

### 3. *Deterrent effect*

The court now turns to consider whether an award of attorney fees to Snitselaar "could deter other persons acting under similar circumstances." *Westerhaus*, 749 F.2d at 496. Snitselaar argues that this factor weighs in favor of an award of attorney fees because "[i]n the future, it will deter Mount Mercy, as Administrator, from failing to provide a copy of the summary plan description to each beneficiary or plan participant." Snitselaar's Response Brief at 3. Mount Mercy argues that an award of fees would have no deterrent effect because, "[t]his type of inadvertent mistake is not the type of purposeful action that the threat of an award of attorney's fees could have deterred." Mount Mercy's Brief in Support of Resistance at 3.

Given Mount Mercy's fiduciary duties, which it breached, the court would not classify Mount Mercy's failure to provide Snitselaar with a summary plan description as an "inadvertent mistake." The court believes that, under the circumstances, an award of attorney fees would have some deterrent effect. Therefore, the court finds that this factor weighs in favor of an award of attorney fees.

### 4. *Number of plan participants benefitted*

Next, the court considers "whether the part[y] requesting attorneys' fees [seeks] to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself." *Westerhaus*, 749 F.2d at 496. Mount Mercy points out that Snitselaar "did not bring an action to remedy a wrong that was done to all ERISA plan beneficiaries. . . . [Snitselaar] requested relief solely for her individual benefit." Mount Mercy's Brief in Support of Resistance at 3. The court agrees. Therefore, the court finds

that this factor weighs against an award of attorney fees.

### 5. *Relative merits of parties' positions*

Finally, the court considers "the relative merits of the parties' positions." *Westerhaus*, 749 F.2d at 496. Snitselaar asserts that it is undisputed that Mount Mercy failed to provide her with a summary plan description as required by 29 U.S.C. § 1024(b), and thus, "Mount Mercy without question breached its fiduciary duties under ERISA, its defense was simply without merit." Snitselaar's Response Brief at 4. The court agrees. Accordingly, the court finds that this factor weighs in favor of an award of attorney fees.

### 6. *Other factors*

The court also considers the adequacy of the documentation Snitsleaar filed in support of the Application. The court is unable to determine whether Snitselaar's attorney devoted substantial time to research, review, analyze or brief the single meritorious issue in this case because Snitselaar failed to provide the court with evidence showing her attorney worked for any length of time on that issue. Some of the largest fee entries in Snitselaar's time records relate to research and briefing. Some of the research and briefing were clearly devoted to the breach of fiduciary duty issue against Mount Mercy , but it is impossible to approximate how much.

For instance, Snitselaar seeks fees for the following billable hour entries devoted to the preparation of the Opening Brief (docket no. 37): (1) $500.00 for "researching statutory and case law"; (2) $400.00 for "[c]ontinued research of statutory and case law authority"; (3) $600.00 for "[c]ontinued drafting of [Snitselaar's] brief"; (4) $1,000.00 for "[c]ontinued work on [Snitselaar's] brief"; and (5) $900.00 for "[f]inalized drafting of [Snitselaar's] brief." Attachment to Application (docket no. 48-1), at 4. These time entries do not contain any specific research or briefing topics. It is impossible to determine what amount of time or resources Snitselaar's attorney devoted to the breach of fiduciary duty issue against Mount Mercy in the preparation of the Opening Brief. The

same problem occurred with respect to Snitselaar's Reply Brief (docket no. 44). The time entries for the preparation of the Reply Brief include: (1) $300.00 for "[a]dditional research of case law authority"; (2) $400.00 for "drafting [Snitselaar's] reply brief"; and (3) $600.00 for "[f]inalized drafting of [Snitselaar's] reply brief." Attachment to Application at 4-5. Again, it is impossible to determine what amount of time or resources Snitselaar's attorney devoted to the breach of fiduciary duty issue against Mount Mercy in the Reply Brief.

These billable hour entries are so vague that they prevent the court from determining with certainty whether they relate to the single claim upon which Snitselaar succeeded. *See H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) ("Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for 'excessive, redundant, or otherwise unnecessary' hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983))). Accordingly, the court finds that this factor weighs against an award of attorney fees.

### 7. *Summary*

In light of the court's analysis of the *Westerhaus* factors and other considerations, the court concludes that an award of attorney fees is warranted, but at a substantially reduced rate. *See H.J. Inc.*, 925 F.2d at 260 ("Inadequate documentation may warrant a reduced fee."). In her Opening Brief, Snitselaar spent less than three full pages addressing the breach of fiduciary duty issue against Mount Mercy and focused its argument almost exclusively on Iowa Code section 509.2(7), devoting only a single sentence to 29 U.S.C. § 1024(b). Further, in her Reply Brief (docket no. 44), Snitselaar spent less than two full pages addressing the breach of fiduciary duty issue, and only in her reply did she focus on the requirements of § 1024(b), which were ultimately availing. Moreover, the bulk of both the Opening Brief and the Reply Brief are devoted to Snitselaar's claim against Unum, a

8

claim on which she did not prevail. *Compare* Opening Brief at 3-7 (argument related to Unum) *with* Opening Brief at 7-9 (argument related to Mount Mercy); and Reply Brief at 1-5 (argument related to Unum) *with* Reply Brief at 5-7 (argument related to Mount Mercy). Accordingly, the court finds that Snitselaar's request for an award of $8,254,00 in attorney fees shall be reduced by 75 percent to $2,063.50.

### C. *"Expenses"*

Snitselaar also asks the court to award her $300.00 in "expenses." This request appears to be an application for costs, since it includes expenses for process servers and court fees. Local Rule 54.a.1.A provides: "Within 14 days after entry of judgment, a party entitled to recover costs must complete and file a form A.O. 133. . . . Failure to file the form by this deadline constitutes a waiver of the right to have costs taxed." Judgement entered on January 22, 2019. To date, Snitselaar has not filed A.O. 133. This constitutes a waiver of Snitselaar's right to obtain costs. Accordingly, the court shall deny Snitselaar's request for costs.

### IV. CONCLUSION

In light of the foregoing, the Application (docket no. 48) is **GRANTED** in part and **DENIED** in part. Specifically, the Application as it pertains to Unum is **DENIED**. The Application as it pertains to Mount Mercy is **GRANTED** in part. Mount Mercy is hereby ordered to pay **$2,063.50 in attorney fees** within 30 days of the date of the instant order. Snitselaar's request for costs is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

**DATED** this 17th day of April, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA